IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRIDGET GABLE,<br><br>    Plaintiff,<br><br>        v.<br><br>TARGET CORPORATION, et al.,<br><br>    Defendants. | Civil No. 15-cv-1350 (RMB/JS)<br><br>MEMORANDUM ORDER |

This matter comes before the Court upon its own motion. On February 20, 2015 Defendant Target Corporation (the "Defendant") removed this action to this Court, relying upon diversity of citizenship to establish federal subject-matter jurisdiction. According to the underlying complaint, Plaintiff Bridget Gable visited Defendant's Hamilton New Jersey store on September 19, 2012. (Compl. ¶ 1). She alleges that she "was caused to slip and become injured as a result of a defective and unreasonably dangerous condition upon the aforesaid premises which condition was cause by the negligent acts and/or omissions of one or more of the Defendants." (Compl. ¶ 3). Plaintiff claims to have suffered unspecified injuries and losses.

The Notice of Removal summarily alleges that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

1

Defendant seeks to support removal by stating that Plaintiff's counsel has refused to execute a stipulation of damages of less than $75,000.  (Ntc. Rmvl. ¶ 9).  As is proper under the New Jersey Court Rules, the Complaint does not plead a specific amount of monetary damages. N.J. Ct. R. 4:5-2 ("If unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount.").  However, Defendant could have obtained this information through a procedural mechanism designed for this very purpose.  New Jersey Court Rule 4:5-2 further provides:

> Upon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed . . . .

It appears Defendant never requested a statement of damages from Plaintiff, since it did not submit any such documentation to the Court.  Defendant offers no other support for the proposition that the amount in controversy exceeds $75,000.

As an initial matter, the Court notes that it has repeatedly held that a plaintiff's refusal to enter into a stipulation limiting its recovery is not sufficient to sustain an allegation of $75,000 in controversy.  See, e.g., Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 350 (D.N.J. April

2

30, 2010) ("One may not reasonably infer from Plaintiff's 'refusal' to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000."); Inferrera v. Wal-Mart Stores, Inc., No. 11-1331 (D.N.J. March 11, 2011); Hober v. Wal-Mart Stores, Inc., No. 11-187 (D.N.J. Jan. 13, 2011).

Moreover, it is well-settled that a removing defendant carries the burden of establishing the requisite amount in controversy. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). The Third Circuit has cautioned that § 1441 must be strictly construed against removal "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (internal citations omitted). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is

settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels).  Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden.  Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction."); Valerio v. Mustabasic, Civ. No. 07-534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007). In other words, "if this Court has to guess" at whether the jurisdictional threshold has been met, then the "defendant has not proved its point." Valerio, 2007 WL 2769636 at *4 (internal citations omitted).

    Here, the amount in controversy is speculative at best, given Plaintiff's unspecified injuries and losses.  The vague "injuries" in the Complaint coupled with a refusal to stipulate does not suffice to prove that this court has jurisdiction.  See Martin, 709 F.  Supp. at 350 ("The Court should not be rendered powerless to question whether virtually any simple negligence claim satisfies the amount-in-controversy requirement because a plaintiff's mere assertion of injury creates some possibility that his recovery might exceed the jurisdictional minimum.").

ACCORDINGLY, IT IS on this, the **24th** day of **February 2015**, hereby **ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Atlantic County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file in this matter.

```
                          s/Renée Marie Bumb
                          RENÉE MARIE BUMB
                          UNITED STATES DISTRICT JUDGE
```